IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:01CR00212 SWW |
| | * | |
| TREMAYNE SCOGGINS, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

On August 23, 2004, petitioner Tremayne Scoggins was convicted by a jury of Count I of a superceding indictment, conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § § 841 and 846.  He also was convicted of Count VI, using a communications facility to facilitate the commission of a drug offense in violation of 21 U.S.C. § 843(b).  Petitioner is serving concurrent sentences of 360 months imprisonment on Count I and 48 months on Count VI.   Now before the Court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government responded in opposition to the motion, and petitioner filed a reply.  For the reasons that follow, the Court finds that the motion should be denied.

**Background**

Petitioner was convicted of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base.  The jury was unable to determine beyond a reasonable doubt a more specific amount of drugs involved, but did find beyond a reasonable doubt that Scoggins was an organizer or leader and that he possessed a dangerous

weapon during the period of the conspiracy. At his December 20, 2004, sentencing hearing, the Court determined by a preponderance of the evidence that Scoggins possessed drug quantities in excess of 1.5 kilograms of cocaine base and 150 kilograms of cocaine, resulting in a Base Offense Level of 38. The Court also found Scoggins possessed a firearm during the conspiracy and that he played a leadership role, bringing his Total Offense Level to 44. The Court further found the evidence established a Criminal History Category of V. Based on these determinations, and in light of the fact that the Supreme Court had not decided *Booker v. United States,* 543 U.S. 220 (2005), the Court imposed three alternative sentences, ranging from 360 months to life imprisonment.

Petitioner appealed , arguing *inter alia* that the three sentences violated *Booker*; that the submission of evidence during trial regarding his leadership role and possession of a firearm was prejudicial; and that the jury was permitted to convict him without making a specific finding as to the quantity of drugs involved in the offense. The Eighth Circuit affirmed on the last two issues but determined that none of the sentences correctly applied *Booker*, which was decided in January 2005. Consequently, the Eighth Circuit vacated the sentence and remanded the case for resentencing. *United States v. Sherman,* 440 F.3d 982 (8th Cir. 2006).[1]

On December 1, 2006, the Court conducted a hearing for the purpose of resentencing petitioner consistent with *Booker*. At the outset of the hearing, the Court agreed that the issues related to drug quantity, Scoggins's leadership role, and possession of a firearm would not be re-litigated because these issues were raised on direct appeal and resolved by the Eighth Circuit.

---

[1] Fontaine Sherman was one of petitioner's co-defendants.

The hearing focused on Scoggins's criminal history and the imposition of a sentence consistent with *Booker*.

The Court heard testimony as to the offenses that led to the determination of Scoggins's criminal history score. Petitioner contested particularly the inclusion of a number of misdemeanor offenses from Bakersfield, California. The probation officer who prepared the presentence testified, explaining the research involved in her calculation of Scoggins's criminal history and how the various misdemeanor offenses resulted in points added to his criminal history score under the guidelines. Petitioner testified he understood the probation officer's description and explanation for each of the charges but took issue with whether he had served the jail time imposed pursuant to one of the offenses.

The Court considered the testimony of Scoggins and the factors he submitted in mitigation, including the injuries he sustained in a car accident, the inconvenience he suffered in the aftermath of Hurricane Rita, his designation by the Bureau of Prisons as a "lifer" even though he was sentenced to a term of imprisonment of less than life, and his educational achievements attained while serving his term of imprisonment. The Court also considered the factors of 18 U.S.C. § 3553(a) to insure that his sentence was fair. Petitioner appealed his sentence and the Eighth Circuit affirmed. *United States v. Scoggins,* No. 06-4152 (8th Cir. March 5, 2008)(per curiam). He filed a motion pursuant to 28 U.S.C. § 2255 on March 6, 2009.

## Discussion

Petitioner asserts the Court imposed a sentence that was both procedurally and substantively unreasonable; that his counsel was ineffective; and that the Court failed to consider its authority to impose a lower sentence in light of the mitigating factors presented.

**1. Sentence Procedurally and Substantively Unreasonable**

Petitioner contends it was unreasonable for the Court to hold him responsible for drug quantities in excess of 1.5 kilograms of cocaine base and 150 kilograms of cocaine when the jury was unable to find beyond a reasonable doubt a specific drug quantity range. He also argues that the Court's findings that he possessed a firearm during the course of the conspiracy and played a leadership role were erroneous.

On his first appeal, petitioner argued that the submission of evidence to the jury concerning his role in the offense and possession of a dangerous weapon was prejudicial. The Eighth Circuit dismissed the claims. *Sherman v. United States,* 440 F.3d at 986-87. He now argues the Eighth Circuit did not consider his claim that the Court erroneously enhanced his sentence on the basis of his leadership role and possession of a weapon. Citing *United States v. Almeida-Perez,* 549 F.3d 1162 (8th Cir. 2008), petitioner claims there has been a change in the law as to the legal standard to be applied in imposing an enhancement for possession of a firearm in connection with another felony offense. *Almeida-Perez* involved defendants who pleaded guilty and whose sentences were enhanced based on findings made by the court. Here, the issues of leadership role and weapon possession were determined by a jury. The Eighth Circuit held the Court properly allowed evidence on these issues and the jury unanimously found for sentencing purposes that Scoggins played a leadership role in the conspiracy and possessed a dangerous weapon during the conspiracy. "In the absence of an intervening change in the law, or newly discovered evidence, we will not reconsider any claim that was resolved on direct appeal in a section 2255 habeas proceeding." *English v. United States,* 998 F.3d 609, 613 (1993). Because

Scoggins has not presented any newly discovered evidence or change in the law, these claims of petitioner are dismissed.

Petitioner argues the Court's determination of his criminal history score was erroneous. Specifically, he contends the Court considered misdemeanor convictions and double-counted a February 1991 conviction. The evidence establishes that on February 11, 1991, petitioner pleaded guilty to taking a vehicle without the owner's consent and presenting a false ID to a police officer. He was sentenced to three years probation, 90 days in jail, and restitution. That conviction was counted in calculating his criminal history score, and petitioner makes no convincing argument that the Court committed error.

**2. Ineffective Assistance of Counsel**

Petitioner claims he was deprived of effective assistance of counsel when his appointed counsel filed an *Anders*[2] brief in response to petitioner's request to appeal the sentence he received upon resentencing and failed to assist him in filing a petition for writ of certiorari. In the *Anders* brief, petitioner's attorney argued Scoggins's sentence violated the cruel and unusual punishment clause of the Eighth Amendment. On his own, petitioner asserted *Booker* errors and ineffective assistance of counsel.

To establish that he was deprived of effective assistance of counsel, Scoggins must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687

---

[2]*Anders v. California,* 386 U.S. 738 (1967) provides that after examining the record and concluding that an appeal would be wholly without merit, counsel may file a brief informing the court of any point that arguably might support an appeal, and request permission to withdraw.

(1984).  The court need not address both components if the petitioner makes an insufficient showing on one of the prongs.  *Id.* at 697.  When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690.  The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

"To establish objectively unreasonable appellate performance under *Strickland,* [petitioner] must show that his counsel 'unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them.'" *Delgado v. Lewis,* 223 F.3d 976, 980 (9th Cir. 2000) (quoting *Smith v. Robbins,* 528 U.S. 259, 285 (2000).  Considering the outcome of Scoggins's direct appeal from his conviction, his resentencing by this Court, and his direct appeal of that resentencing, the Court finds no evidence that his attorney's performance was unreasonable.  Further, *Anders* and its supplemental guidance in *Penson v. Ohio,* 488 U.S. 75 (1988), operate to insure that a criminal defendant is afforded added protection in that his case is thoroughly examined by his counsel and an appellate court to determine if defendant's case contains any arguable issues.  To this end, Scoggins had the benefit of an independent Eighth Circuit review of his record to uncover any nonfrivolous issues worthy of litigation and none were found. *Scoggins v. United States, supra.*

The prejudice prong requires Scoggins to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). It "focuses on the question whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993). Just as there is no evidence counsel's performance was deficient, there is no evidence it was prejudicial. Scoggins appears to argue that because he received the same 360-month sentence at resentencing, the same *Booker* violation occurred. The recommended guidelines range was 360 months to life for petitioner's drug offense, and the Court exercised leniency in sentencing him at the low end.

## 3. Mitigation Evidence and Section 3553(a) Factors

Petitioner contends the Court did not give due consideration to the mitigating factors in his case, particularly the serious injuries he sustained in a vehicle accident while in custody. He also argues his sentence was disproportionate when compared to his co-defendants and that the Court failed to consider the factors set forth in 28 U.S.C. § 3553(a). It is clear from the record that the Court considered the mitigating factors in petitioner's case and conducted a § 3553(a) analysis before pronouncing sentence.[3] The Court further reviewed letters submitted on petitioner's behalf. There is nothing in the record to establish the Court failed to appreciate the authority it had to impose a lesser sentence. *See United States v. Chapman,* 356 F.3d 843, 847 (8th Cir. 2004) (if sentencing court denied a departure because it believed that it had no authority

---

[3] Petitioner asks the Court to consider reducing his sentence because of the tragic death of his sixteen-month-old son. The Court has no jurisdiction to reduce petitioner's sentence under 28 U.S.C. § 2255 under these circumstances. Petitioner admits the Court could not have considered as a mitigating factor the death of his infant son at the time of petitioner's resentencing in December 2006 because he himself was not aware then that his son had died in June 2006. *See* Petitioner's Reply at p. 2, ¶5.

7

to depart from the sentencing guidelines, appellate court will determine whether sentencing court's belief was correct). As determined by the evidence, the guideline range was 360 months to life imprisonment, and the Court sentenced petitioner to 360 months.

## Conclusion

The Court finds petitioner has failed to establish he is entitled to relief under 28 U.S.C. § 2255. IT IS THEREFORE ORDERED that petitioner's motion [docket entry 973] is denied.

DATED this 8th day of June 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE